**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHONG HE,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 09-72959<br><br>Agency No. A094-933-763<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Zhong He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that He did not establish his conduct constituted "other resistance" to China's population control program. *See* 8 U.S.C. § 1101(a)(42); *cf. Jiang v. Holder*, 611 F.3d 1086, 1094-95 (9th Cir. 2010). Further, substantial evidence supports the BIA's determination that He did not demonstrate a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, He's asylum claim fails.

Because He failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

We lack jurisdiction to review He's contentions regarding a pattern or practice of persecution against people who resist China's family planning policies, whether such people are a disfavored group, the universal household registration system, and relief under the Convention Against Torture, because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**